```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RENE VANDEN AVENNE,                 :
                                    :
              Plaintiff,            :
                                    :
       - against -                  :   98 Civ. 7123 (JFK)
                                    :   MEMORANDUM ORDER
RADE MANAGEMENT CORP.,              :
RADE & COMPANY, RADE (EUROPE)       :
MANAGEMENT CORPORATION,             :
CONTINENTAL CAPITAL MANAGEMENT      :
LTD., ATLANTA INVESTMENT GROUP,     :
RADN TRADING CO. LTD., BERNER       :
SECURITIES LTD., EURO CONSULTING    :
SERVICES LTD., RODMAN & SHAW        :
CONSULTING LTD., JAMES NG,          :
STEFAN ZABEL, HENNING PAWLENKA,     :
and HANS JURGEN PAWLENKA,           :
                                    :
              Defendants.           :
-----------------------------------X
```
**JOHN F. KEENAN, United States District Judge:**

The Court is in receipt of two letters from the Court-appointed Receiver ("Receiver") and one from defendants Rade Management Corporation ("Rade") and James Ng ("Ng"). Briefly, a dispute has arisen over the issue of pre-judgment interest with respect to the Settlement Agreement referenced in the Court's June 7, 2005 Order. The Receiver wants the Court to award him interest pursuant to New York CPLR 5001; Rade and Ng argue that CPLR 5001 is inapplicable because there has been no judgment or decision that the Agreement was breached.

The Court agrees with the defendants. The Receiver is quite correct in his letter of August 2, 2005 that the Court handed the issue back to the parties to encourage them to come to a mutual resolution. At that point, the parties disputed whether

the Settlement Agreement was effective at all, and the Receiver had not been paid any of the $290,000 fee to which he was entitled under the Agreement. The Court opined that the Agreement was effective on Judge Pollack's death and hinted at the possibility of an award of pre-judgment interest in order to get things moving on that front. The Court understands that Rade and Ng have now paid the Receiver his fee in its entirety.

As for pre-judgment interest, the governing statute requires "a sum awarded because of a breach of a performance of contract." N.Y. CPLR 5001(a). There has been no "sum awarded." The Receiver suggests that the Court can use CPLR 5001 to make him whole for alleged "bad faith conduct." The Court disagrees. A well-known treatise defines pre-judgment interest under CPLR 5001 as "[i]nterest on the cause of action from its accrual until the verdict (or the decision, if the case is tried by the court)." David D. Siegel, New York Practice § 411 (4th ed. 2005). In absence of a jury verdict or other ruling on the merits holding defendants in breach of contract, the Court cannot award pre-judgment interest pursuant to CPLR 5001.

The Receiver's August 2, 2005 letter suggests that he intends to make a Rule 11 motion for costs attendant his submissions on this issue. The Court refers the parties to Rule 2A of its Individual Practices,* which requires the moving party

---

*Available online at http://www.nysd.uscourts.gov/ Individual_Practices/Keenan.pdf.

2

to arrange a pre-motion conference prior to making a motion. The Receiver's recent submissions on the pre-judgment interest issue do not satisfy the pre-motion submission requirement of Rule 2A.

The Receiver's application for interest pursuant to CPLR 5001 is denied.

**SO ORDERED.**

Dated: New York, New York
October 4, 2005

_____
JOHN F. KEENAN
**United States District Judge**